# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 10-20101-CM |
| RICKY WEBSTER, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the court on defendant's *pro se* Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 97.) Defendant seeks to reduce his sentence based on the Fair Sentencing Act of 2010 ("FSA"), which defendant argues applies retroactively and entitles him to a sentence reduction. (Doc. 97.) For the following reasons, the court denies defendant's motion.

### I. Factual and Procedural Background

On October 14, 2010, defendant pleaded guilty to the following two counts of an eight-count indictment: 1) 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(ii), (b)(1)(A)(iii), and 18 U.S.C. § 2, conspiracy to manufacture, to possess with intent to distribute 50 grams or more of cocaine base "crack"; and 2) 18 U.S.C. § 924(c), possession of a firearm in furtherance of a drug trafficking crime. (Doc. 34.) At the sentencing hearing, the court adopted the Presentence Investigation Report ("PSIR"), which concluded defendant's total offense level was 25, and his criminal history category was II. (PSIR ¶ 111.) This resulted in an advisory guideline imprisonment range of 63 to 78 months. (*Id.*)

-1-

However, because of the statutory mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A), the applicable guideline range was 120 months. (*Id.*)

On February 8, 2011, the court sentenced defendant to a total term of imprisonment of 180 months. (Doc. 55.) The court imposed the 120-month statutory mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A)(iii), and the 60-month statutory minimum sentence under 18 U.S.C. § 924(c), which pursuant to the statute, must run consecutive to any other term of imprisonment. On January 3, 2012, defendant filed the current motion seeking a reduction of his sentence. (Doc. 97.) Specifically, defendant relies on the FSA, which amended the statutory mandatory minimum sentences for certain crack cocaine offenses. *See* Pub. L. 111-220, 124 Stat. 2372 (Aug. 3, 2010). Accordingly, defendant argues the FSA's amended statutory mandatory minimum sentence should apply to reduce his sentence.

**II.     Legal Standards and Analysis**

   **A.  Statutory Mandatory Minimum Sentence**

Between June 30, and July 7, 2010, at the time defendant committed the offenses at issue, the amount of cocaine base required to implicate the statutory mandatory minimumسentence of 120 months under 21 U.S.C. § 841(b)(1)(A)(iii) was 50 grams. On August 3, 2010, the FSA amended 21 U.S.C. § 841(b)(1)(A)(iii) by changing the 50-gram threshold to 280 grams. As a result, the FSA effectively reduced the crack cocaine to powder cocaine ratio from 100:1 to 18:1. *See United States v. Lewis*, 625 F.3d 1224, 1228 (10th Cir. 2010), *cert. denied*, 131 S. Ct. 1790 (2011). Among the drug amounts that the court attributed to defendant was 98.7 grams of cocaine base.[1] Defendant committed the offenses before the FSA went into effect. Defendant argues, however, that because the court sentenced him after the FSA went into effect, and because he possessed less than the 280 grams of

---

[1] (PSIR ¶ 38.) The court held defendant accountable for 98.7 grams of cocaine base, a mixture of cocaine base and cocaine totaling 82.8 grams, 7.4 grams of cocaine and 40.1 grams of marijuana.

-2-

crack cocaine required to trigger the amended statutory mandatory minimum sentence, the court should reduce his sentence to a term of imprisonment consistent with the FSA.

Importantly, because Congress did not provide for the FSA's amended ratio to apply retroactively, defendant is not entitled to a sentence reduction. *See Lewis*, 625 F.3d at 1228 (stating the FSA is not retroactive); *see also United States v. Scales*, No. 09-40029-01-RDR, 2011 WL 4809804 at *1 (D. Kan. Oct. 11, 2011) (stating "the FSA has not been found to be retroactive and does not apply to offenses committed prior to its enactment."). In *United States v. Reed*, the Tenth Circuit addressed a situation similar to defendant's and rejected an appellant's argument that the FSA applied retroactively to reduce his sentence. 410 F. App'x 107, 111 (10th Cir. 2010). In doing so, the Tenth Circuit stated, "[t]here is no provision for retroactivity in the Fair Sentencing Act of 2010." *Id.* (citing *United States v. Caradine*, 621 F.3d 575, 580 (6th Cir. 2010)).

Although defendant's situation presents a unique issue in that he committed the drug trafficking offense prior to the FSA's enactment but was sentenced after it went into effect, the Tenth Circuit's precedent makes no distinction regarding the time of sentencing. *See Reed*, 410 F. App'x at 111. Instead, the determinative inquiry is the time at which defendant commits the crime. *Id.* In *Reed*, the court stated, "the general savings statute, 1 U.S.C. § 109, requires us to apply the penalties in place at the time the crime was committed, unless the new enactment expressly provides for its own retroactive application." *Id.* (quoting *Caradine*, 621 F.3d at 580). Accordingly, the Tenth Circuit held that the FSA's amended crack-to-powder ratio applies only to defendants who commit drug offenses after August 3, 2010, the date on which the FSA went into effect. *See Lewis*, 625 F.3d at 1228; *see also Reed*, 410 F. App'x at 111.

Therefore, because the defendant committed the offenses between June and July, 2010, before the FSA went into effect, the defendant is not entitled to a sentence reduction based on the amended statutory mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A)(iii).

**IT IS THEREFORE ORDERED** that defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582 is denied.

Dated this 1st day of May, 2012 at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**